RIVERA *v.* CÁMARA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 661.—Resuelto en mayo 3, 1911.

ORDENES APELABLES—ADMINISTRACIÓN JUDICIAL.—Una resolución de la corte inferior, declarando sin lugar una moción para anular el nombramiento de un

administrador judicial hecho de acuerdo con la Ley de Procedimientos Legales Especial, es apelable.

Administración Judicial—Juramento Defectuoso—Representante Legal de un Menor.—Un juramento hecho en una solicitud interesando el nombramiento de un administrador judicial, por una persona no interesada en la herencia, ni que ostente la representación legal del menor peticionario, que sólo compete a su padre o, en su defecto, al tutor o defensor judicial, y en la que no se expresa además cuales hechos jura el declarante por información y creencia, y cuales por conocimiento propio, es defectuoso y no produce efecto alguno.

Id.—Enmienda de un Juramento Defectuoso—Facultades del Tribunal.—La solicitud interesando el nombramiento de un administrador judicial, debe estar debidamente jurada, y si el juramento fuere defectuoso, la corte puede permitir que se enmiende antes, pero no después de haber hecho el nombramiento.

Id.—Hijos Naturales—Acción de Reconocimiento—Personalidad.—Los hijos naturales no pueden pretender obtener la declaración de su filiación en un procedimiento sobre nombramiento de un administrador judicial, ni· pueden pedir tal nombramiento mientras no hayan sido reconocidos por un documento auténtico y fehaciente, o su derecho declarado por virtud de una sentencia.

Id.—Hijos Naturales—Prueba de la Filiación—Partida de Bautismo.—Una partida de bautismo en la que se exprese que el bautizado es hijo natural reconocido de otra persona, pero sin que se afirme que dicha persona hizo tal reconocimiento ante el sacerdote que autorizó la partida, ni se certifique que tal reconocimiento tuvo lugar ante testigos que dan fe del mismo, no es documento suficiente para acreditar la filiación del interesado como hijo natural.

Id.—Declaraciones Juradas—Juramentos Prestados por el Cliente Ante su Abogado.—La práctica de prestar declaraciones juradas ante el propio abogado del declarante, actuando como notario, es mala práctica y no debe insistirse en ella; las cortes deben revisar esas declaraciones así juradas, pero como ellas no son ineficaces, su admisión no constituye error suficiente a justificar la revocación de la resolución apelada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Martínez Dávila.*

Abogado del apelado: *Sr. O. M. Wood.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En 26 de octubre de 1910 fué presentada a la Corte de Distrito de San Juan, Sección 2ª. una petición de Ignacio Rivera, menor de edad, representado por su amiga Isabel González, en la que manifiesta ser hijo ilegítimo reconocido de su madre Isabel Rivera Rodríguez, muerta el 6 de agosto de 1903 en el pueblo de Bayamón, sin testamento, sin que hasta la fecha de la presentación de la so'icitud se hubiera nombrado administrador judicial de los bienes que dejó consistentes en

muebles e inmuebles, los que relaciona; y teniendo interés en esa herencia y temores de que desaparezcan los bienes, concluyó pidiendo se señalara día y hora para la vista del asunto y nombramiento de un administrador judicial a cuyo efecto manifestó los nombres de los otros herederos que son, el viudo Don Ramón Cámara, dos hijos legítimos y otro ilegítimo reconocido.

Esa solicitud fué solamente firmada por un abogado, pero después, en 1°. de noviembre de 1910, se extendió el siguiente juramento:

"San Juan, Puerto Rico,   ⎫
                   ⎬ ss:
"Isla de Puerto Rico,     ⎭

"Yo, Ignacio Rivera, por medio de mi representante Isabel González, 33 años de edad, soltero, residente en Bayamón, juro que he leído la anterior demanda y bajo mi mejor creencia es la verdad, sino exceptuando hechos, dichos por otros informes y tocante a éstos cree es la verdad.

"ISABEL GONZÁLEZ.

"Jurado y firmado ante mí por Isabel González hoy día primero de noviembre de 1910.

"F. G. PÉREZ ALMIROTY,
    "*Secretario Auxiliar.*"

El mismo día 1°. de noviembre se presentó por Ramón Cámara, por sí y como representante de sus menores hijos Agustín y Julia Cámara, una solicitud en la que expuso que la petición de Ignacio Rivera, antes mencionada, no se ajusta a la ley, pues el juramento puesto al pie de ella es nulo y sin valor alguno; que Ignacio Rivera no es hijo ilegítimo reconocido de Isabel Rivera Rodríguez, por lo que no tiene derecho a solicitar el nombramiento de administrador judicial; que Isabel Rivera no poseía a su fallecimieto bienes de ninguna clase; y que durante la larga enfermedad de ésta quedó muy mermado el capital que el marido había aportado al matrimonio, por cuyas razones interesó se dejara sin efecto el nombramiento de administrador judicial, en este caso.

Esta solicitud fué jurada por Ramón Cámara ante un notario y notificada el mismo día al abogado de Ignacio Rivera.

De los papeles que ante nosotros tenemos, no consta que el otro hijo ilegítimo compareciera, ni en qué forma fuera citado; sólo encontramos como diligencias posteriores que en 7 de noviembre siguiente, practicaron pruebas ante la corte, Ramón Cámara e Ignacio Rivera, consistiendo la del primero en el acta de nacimiento de Ignacio González, extendida en el Registro Civil de Bayamón, de la que resulta que en 14 de agosto de 1890, Antonio González declaró el nacimiento del niño Ignacio, ocurrido el primero de agosto, reconocido en dicha acta como su hijo natural, sin que en ella compareciera la madre a reconocerlo; certificación del matrimonio de Ramón Cámara con Isabel Rodríguez, celebrado en Bayamón el 28 de junio de 1902; acta de defunción de Isabel Rivera, ocurrida en 6 de agosto de 1903. También presentó como pruebas otros documentos referentes a adquisiciones y negocios con bienes que no necesitamos consignar para nuestra resolución.

Por su parte, Ignacio Rivera presentó certificación de una partida bautismal, de la que resulta que en 17 de agosto de 1890 el párroco de Bayamón bautizó y puso el nombre de Ignacio a un niño nacido el primero de agosto, hijo natural de Isabel Rivera, sin que en tal documento se exprese que dicha señora reconociera ante él al niño como su hijo natural; certificación de defunción de Isabel Rivera, igual a la de la otra parte; y varias declaraciones prestadas en forma de *affidavits* ante un notario, que es abogado del peticionario Ignacio Rivera, y en las que se testifica respecto a quién es la madre de dicho Ignacio Rivera y a actos de reconocimiento.

Después de esas pruebas, el juez de la corte inferior dictó la siguiente resolución:

"En este asunto se ha nombrado un administrador judicial para proteger los intereses del menor Ignacio Rivera; tal nombramiento ha sido impugnado.

"Es verdad que el juramento de la petición del promovente es defectuosa, porque debe prestarse directamente por el promovente o por su representante Isabel González; este defecto puede subsanarse ahora.

"No es posible, ni permisible dictar una resolución definitiva sobre la interpretación y valor de la prueba documental presentada para impugnar el nombramiento de administrador; solamente la corte puede decir ahora que hay posibilidad de que el promovente, Ignacio Rivera, tenga la personalidad y los derechos que reclama, y por tanto, debe ser representado por un Administrador Judicial.

"La moción para anular el nombramiento del Administrador Judicial se declara sin lugar; sin costas.

"San Juan, P. R., noviembre 21 de 1910."

Pocos días después presentó Ramón Cámara el siguiente escrito de apelación:

"SR. SECRETARIO DE LA CORTE:

"El oponente Ramón Cámara, por medio de su abogado José Martínez Dávila pone en conocimiento de Ud. que apela para ante el Tribunal Supremo de Puerto Rico de la resolución dictada por la corte en este caso, declarando sin lugar la moción de impugnación al nombramiento de Administrador Judicial.

"San Juan, P. R., noviembre 25 de 1910.

           "JOSÉ MARTÍNEZ DÁVILA,
         "*Abogado del oponente Ramón Cámara.*

"Notificado con copia del precedente escrito de apelación hoy 25 de noviembre de 1910.

              "O. M. WOOD,
           "*Abogado de Ignacio Rivera.*"

En la misma resolución se hace referencia a que la moción presentada por Cámara es una en la que se trata de anular el nombramiento de administrador, mientras en el escrito de apelación se dice que es una moción de impugnación al nombramiento. No hay duda de que en ambos documentos se hace referencia a la misma moción; y haya o nó habido más de una moción, no fué dictada sino una sola resolución, que es la que se inserta aquí, y contra la cual se ha establecido el pre-

sente recurso de apelación. Esta resolución es apelable porque ha resuelto definitivamente la cuestión de si procede o nó el nombramiento de administrador judicial de acuerdo con la petición de Ignacio Rivera y con la oposición de Cámara a que tal nombramiento se hiciera.

El primer error alegado por el apelalante es que la corte de distrito permitió al peticionario enmendar su declaración jurada, la que fué reconocida como defectuosa, porque una vez sometido y resuelto el caso por la corte, no podía subsanarse un defecto de tanta importancia.

Según se desprende de los autos, el juez hizo el nombramiento de administrador judicial antes de que fuera enmendado el juramento de la solicitud, que él declaró defectuoso, y que indudablemente lo era, porque a más de que no se manifiesta cuáles hechos le constan por información y cuáles por conocimiento propio a la persona que lo prestó, aparece suscrito por Isabel González, que no es interesada en la herencia ni la representante legal del menor peticionario, pues legalmente sólo tiene su representación su padre Antonio González, cuya muerte no se alega, o un tutor o defensor nombrado por la corte de distrito en caso de que también haya muerto el padre o tenga intereses encontrados con su hijo.

Además, el artículo 23 de la Ley de Procedimientos Legales Especiales, aprobada en 8 de marzo de 1905, exige que para que se haga el nombramiento de un administrador judicial, la solicitud conteniendo los requisitos que la misma exige, debe ser jurada, y en este caso el nombramiento se hizo antes de que fuera jurada debidamente, por lo que la ley fué infringida.

La corte tenía facultad para permitir la enmienda del juramento antes de hacer el nombramiento de administrador judicial, pero no después, porque de esa suerte realizaba un acto que no podía ejecutar válidamente sin el juramento, dando esto ocasión a que los bienes de Ramón Cámara estén o puedan estar fuera de su poder y bajo un administrador judicial sin el juramento exigido por la ley.

La solicitud de Ignacio Rivera debió cumplir todos los requisitos exigidos por la ley para que por sí sola estuviera autorizado el juez para acordar la reunión de herederos, y para en ella hacer el nombramiento de administrador.

Se alega además que la corte inferior cometió error, porque la filiación de los hijos se prueba con el acta de nacimiento extendida en el registro civil, y no por la partida de bautismo y las declaraciones de varios testigos que dicen que el peticionario es hijo natural de Isabel Rivera.

La ley no exige ni ordena la comparecencia para pruebas que celebró la corte el día siete de noviembre; pero de las en ella admitidas aparece que Ignacio Rivera fué reconocido por su padre únicamente, sin que del acta de su nacimiento en el registro civil se sepa quien es su madre. Es cierto que presentó una partida de bautismo en la que aparece Ignacio Rivera como hijo natural de Isabel Rivera; pero, según jurisprudencia constante, tanto del Tribunal Supremo de España como de este Tribunal Supremo, una partida de bautismo en la que se expresa que el bautizado es hijo natural reconocido de otra persona, pero sin que se afirme que dicha persona hizo tal reconocimiento ante el sacerdote que autorizó la partida, ni se certifica que tal reconocimiento tuvo lugar en presencia de testigos que den fe de dicho reconocimiento, no es documento suficiente para acreditar el reconocimiento del interesado como hijo natural. (Véase el caso de *Josefa Aguayo y otro* v. *Elvira García,* decidido en 30 de junio de 1906.)

Lo único que podría llevar a la creencia de que el peticionario, Ignacio Rivera, es un hijo natural de Isabel Rivera y Rodríguez, de cuya sucesión se trata, es la prueba de testigos presentada por el peticionario, tendente a demostrar ser su hijo natural reconocido por ella. Sin embargo, entendemos que tal clase de prueba sería pertinente en un pleito instituído contra los otros herederos de Isabel Rivera para obtener la declaración de ser un hijo natural reconocido por ella; pero en procedimientos especiales, como el presente, tal clase de prueba no debe ser permitida, porque esos procedimientos no tie-

nen por objeto la declaración de derechos, sino únicamente, en vista de un derecho claro y reconocido, el obtener la administración judicial de los bienes de la persona que tiene derecho a heredar. Podrá ser cierto que Ignacio Rivera sea un hijo natural reconocido de Isabel Rivera, pero mientras no haya sido reconocido por ella por un documento auténtico y fehaciente, o mientras ese estado no haya sido declarado por virtud de una sentencia, no puede pretender que los bienes de la persona de quien se cree hijo sean sujetos a una administración judicial. Esta doctrina que ya tiene declarada esta corte en el caso de *Justo Puente Armsterdam y otros* v. *Félix Puente Solano y otra*, decidido en 18 de junio de 1910, y aunque en él se trataba de una declaratoria de herederos, es de perfecta aplicación al presente caso.

En la opinión del tribunal en ese caso se dijo lo siguiente:

"Para que la apelante en este caso hubiera podido alegar con éxito su condición de hija natural reconocida y ponerse como tal y como tal ser declarada heredera, era necesario que constara que su reconocimiento se había verificado voluntaria y solemnemente por el padre, sin lugar a dudas, o que teniendo ella derecho a ser reconocida de acuerdo con la ley y habiéndose omitido por el padre hacer el reconocimiento de una manera solemne o habiéndose negado a ello, había obtenido sentencia firme a su favor en un tribunal competente y dentro del procedimiento contencioso adecuado.

"La calidad de hijo natural ha de fundarse necesariamente en el reconocimiento del padre, espontáneo y legalmente probado, o en el caso de omisión o resistencia en una ejecutoria solemne que así lo declare." (Sentencia del Tribunal Supremo de España de 16 de abril de 1864.)

"La filiación de los hijos naturales debe constar necesariamente por el reconocimiento de sus padres o por la declaración solemne de una ejecutoria, no bastando para justicarla la simple partida de bautismo." (Sentencia del Tribunal Supremo de España de 28 de junio de 1864.)

"El Código Civil Español de 1888 hecho extensivo a Puerto Rico en 1889, en su artículo 131 determina que el reconocimiento del hijo natural deberá hacerse en el *acta de nacimiento,* en *testamento* o en otro *documento público.* Cuando el reconocimiento se ha hecho por

el.padre en una de las formas prescritas, entonces el hijo no necesita acudir a los tribunales, pues él tiene su estado perfectamente establecido. .

"El propio Código Civil Español en su artículo 135 determina cuando el padre *está obligado* a reconocer al hijo natural, a saber: cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad o cuando el hijo se halla en la posesión continua del estado de hijo natural del *padre demandado,* justificada por actos directos del mismo padre o de su familia. Véase con respecto a la madre el artículo 136. Y en tales casos, cuando el padre no se aviene a hacer el reconocimiento de la manera dispuesta en el artículo 131, es *necesario* acudir al tribunal competente ejercitando la acción de reconocimiento cuya duración fija el artículo 137 del propio Código Español.

"Nuestro Código Civil revisado determina en su artículo 187 que el hijo ilegítimo puede ser reconocido de cualquier modo, por el padre y la madre conjuntamente o por uno sólo de ellos, y, en su artículo 188, que los hijos ilegítimos pueden probar su filiación paterna y materna, estableciendo en su artículo 198 que la filiación de los hijos se prueba por el acta de nacimiento extendida en el Registro Civil, por la posesión del estado de la filiación o por cualquier otro medio legal.

"El propio Código establece en el artículo 189 los tres casos en que el padre está *obligado* a reconocer al hijo ilegítimo a saber: 1. Cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad, 2. Cuando pública o privadamente le tenga por hijo suyo o le haya llamado tal en conversación o se ocupe de su educación y sostenimiento, y 3. Cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo, o cuando éste haya nacido llevando sus padres relaciones amorosas. Si estudiamos este artículo relacionándolo con los demás preceptos legales que el Código contiene sobre la materia y especialmente con el artículo 199, llegaremos a la conclusión que en todos dichos tres casos, cuando el padre omite o se niega a hacer el reconocimiento de una manera solemne, es necesario ejercitar la acción ante el tribunal competente para reclamar la filiación dentro del tiempo que la misma ley señala.

"Los trámites de la ley sobre procedimientos legales especiales a que hemos hecho referencia, no son los apropiados para la obtención de una sentencia declarando a una persona hijo natural reconocido de otra. Ha sido la práctica constante que cuando el padre omite o niega el reconocimiento, el hijo debe acudir al tribunal competente

ejercitando la acción de filiación para obtener que el tribunal declare en una sentencia lo que omitió o se negó a declarar el padre de una manera solemne.　Tal procedimiento es por su naturaleza contencioso y en él son partes además del hijo, el padre o sus herederos y causahabientes.

"Sólo cuando el hijo natural ha sido reconocido voluntaria y solemnemente por el padre o ha obtenido una sentencia reconociéndosele como tal, es que puede acudir a la ley de procedimientos legales especiales para obtener su declaratoria de herederos en los casos de herencia intestada."

El tercer error que el apelante alega haber cometido la corte inferior, consiste en admitir ciertas declaraciones juradas que fueron preparadas en el bufete del abogado del peticionario y juradas ante el mismo como notario público.　Es cierto que este tribunal ha declarado que esa es una mala práctica y no debiera insistirse en ella; pero no habiendo estatuto alguno que lo prohiba, no podemos declarar que las declaraciones juradas hechas ante el abogado en su carácter de notario sean por ese motivo ineficaces.　La corte debió haberlas rechazado, pero el no haberlo hecho no es un error que exija la revocación de la resolución dictada en este caso.

Más fuerte hubiera sido la objeción si se hubiera hecho por haberse presentado declaraciones testificales en forma de *affidavits,* o sea sin la intervención de las repreguntas de la parte contra quien se dirigen.

Se observa que el peticionario, siendo hijo de Antonio González, no usa el apellido de éste y aparece con el de Rivera, y también que la persona de cuya sucesión se trata, aparece ser unas veces Isabel Rodríguez y otras Isabel Rivera Rodríguez, pero las partes no han hecho objeción sobre esto y no niegan que sean las mismas personas.

Por las razones expuestas, la corte cometió error al no acceder a la moción de Ramón Cámara y sus hijos de que no procedía el nombramiento de administrador judicial en este caso, por lo que su resolución de 21 de noviembre de 1910 debe revocarse y en su lugar debe esta Corte Suprema dictar otra

desestimando la solicitud de Ignacio Rivera sobre nombramiento de administrador judicial de los bienes de Isabel Rivera, con las costas de la primera instancia.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.