SABATER, PETICIONARIO Y APELADO, v. ESCUDERO, OPOSITOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre administración judicial.

No. 1469.—Resuelto en mayo 17, 1916.

ADMINISTRACIÓN JUDICIAL—TEXTOS INGLÉS Y ESPAÑOL—HEREDERO LEGÍTIMO—HEREDERO FORZOSO—PERSONAS CON DERECHO A SOLICITAR LA ADMINISTRACIÓN JUDICIAL.—Con arreglo al texto inglés del artículo 23 de la Ley de Procedimientos Legales Especiales, que es el que debe prevalecer en caso de conflicto con el español, por ser aquel el firmado por el Gobernador, cualquier heredero legítimo o forzoso tiene derecho a solicitar la administración judicial de los bienes del difunto.

ID.—DECLARATORIA DE HEREDEROS—SUCESIÓN INTESTADA—PERSONALIDAD DEL PETICIONARIO QUE SOLICITA LA ADMINISTRACIÓN JUDICIAL—HEREDERO.—La declaratoria de heredero en caso de sucesión intestada debe obtenerse en la corte de distrito competente, con sujeción a las formalidades que previene el Capítulo III del Título I de la Ley de Procedimientos Legales Especiales, para que al solicitarse la administración judicial en concepto de heredero legítimo aparezca clara la personalidad del peticionario.

ID.—CÓNYUGE VIUDO—NOMBRAMIENTO DE ADMINISTRADOR—PREFERENCIA A FAVOR DEL CÓNYUGE VIUDO.—El artículo 31 de la Ley de Procedimientos Legales Especiales establece una preferencia a favor del cónyuge viudo en cuanto al nombramiento de administrador de los bienes del cónyuge difunto, a menos que existan razones tan poderosas que hagan necesario nombrar administrador a otra persona.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Marcelino Romany.

Abogado del apelado: Sr. Francisco Otero Rivera.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 12 de enero del corriente año 1916, Carlos Sabater presentó a la Corte de Distrito de Mayagüez una petición jurada solicitando la administración judicial de los bienes de Juanita Sabater, alegando que ésta había fallecido *abintestato* en Río Piedras el día 20 de noviembre del año anterior sin dejar más herederos que el peticionario con siete hermanos más de doble vínculo y el cónyuge viudo José Escudero, consistiendo sus bienes en muebles, alhajas e inmue-

bles por valor de $3,500 a $4,000, de su propiedad exclusiva, por no haber habido en el matrimonio bienes gananciales.

La corte ordenó que fueran citadas las partes para una junta que había de tener lugar el 28 de enero citado, y habiendo comparecido los hermanos por medio del abogado Francisco Otero y el viudo representado por el abogado Marcelino Romany, solicitó éste que fuera desestimada la petición de administración judicial porque el peticionario no estaba incluído dentro de las personas que podían solicitar dicha administración y porque la solicitud no llenaba los requisitos que exige la sección 23 de la Ley de Procedimientos Legales Especiales.

La oposición fué desestimada y la corte dictó resolución en el mismo día 28 de enero por la que, a propuesta de la representación de los hermanos, nombró administrador de los bienes dejados al fallecimiento de la finada a Conrado García, bajo fianza por la suma de $1,000 para responder del buen desempeño del cargo en cuanto al haber hereditario que pudiera corresponder al viudo, por haber solicitado los demás interesados que se le relevara de fianza en cuanto a ellos hacía referencia.

Esa resolución ha sido apelada por la representación del viudo José Escudero, el cual alega para obtener su revocación, como motivos legales del recurso, los siguientes:

1°. Que la corte erró al declarar sin lugar la moción en que se solicitaba se desestimara la petición de administración judicial.

2°. Que también erró al nombrar un administrador judicial sin haberse aducido prueba sobre los hechos alegados en la petición.

3°. Que igualmente erró la corte al nombrar un extraño como administrador judicial, sin haberse probado antes que el cónyuge viudo no tenía la capacidad necesaria para desempeñar el cargo.

Fúndase el primer error en el texto del artículo 23 de la Ley de Procedimientos Legales Especiales, que dice así:

"Artículo 23.—El albacea testamentario de la última voluntad de un finado, y en caso de que no lo hubiere nombrado, o no dejare testamento con validez legal, el cónyuge de la persona finada, o cualquier heredero forzoso, o persona que se presente como heredero testamentario, o legatario, o cualquier acreedor con título escrito no asegurado que tuviere algún crédito contra la persona finada, podrá mediante una petición debidamente justificada en que se demuestren los hechos necesarios, solicitar la administración judicial de los bienes de dicha persona finada. La petición se presentará en la corte de distrito que tuviere jurisdicción en la última residencia de la persona finada o lugar donde radica la mayor parte de sus bienes, y en ella se hará constar bajo juramento:

"(1) La muerte de la persona finada.

"(2) Las circunstancias relativas a su último testamento, incluso la fecha en que lo otorgó y lugar en que se halla protocolizado; y en caso que hubiese muerto *abintestato,* se hará constar que según los informes y creencias del peticionario, no dejó testamento válido, especificándose la procedencia y fundamentos de tales informes y creencia.

"(3) El interés y derecho de acción del peticionario.

"(4) Los nombres y respectivos domicilios de las demás personas con derecho a sucesión en los bienes de la persona finada.

"(5) Que la persona finada dejó bienes sujetos a partición con expresión de la cuantía y naturaleza de dichos bienes."

El artículo que dejamos transcrito, entre las personas que pueden solicitar la administración judicial de los bienes de un finado, sólo menciona al heredero forzoso y bajo ese nombre no están comprendidos los hermanos según la definición que de aquéllos da la sección 1ª. de la ley de marzo 9, 1905, que dice así:

"Sección 1.—Son herederos forzosos:

"1º. Los hijos y descendientes legítimos respecto de sus padres y ascendientes legítimos;

"2º. A falta de los anteriores, los padres y ascendientes legítimos respecto de sus hijos y descendientes legítimos;

"3º. El viudo o viuda, los hijos naturales legalmente reconocidos

y el padre o madre de éstos, en la forma y medida que establecen las secciones 8, 9, 10, 11, 14, 15, 16 y 20 de esta ley.''

Ese mismo concepto de herederos forzosos aparece explicado por el artículo 794 del Código Civil Revisado que define la legítima en los siguientes términos:

"Artículo 794.—Legítima es la porción de bienes de que el testador no puede disponer por haberla reservado la ley a determinados herederos llamados por esto herederos forzosos."

Como bajo el nombre de herederos forzosos no pueden ser comprendidos los hermanos del difunto, es lógico concluir que si nos atenemos a la letra del artículo 23 de la Ley de Procedimientos Legales Especiales, Carlos Sabater carece de derecho para pedir la administración judicial de los bienes de su difunta hermana.

Pero es que al concepto de ''heredero forzoso'' corresponde en el texto inglés no el de *forced heir* sino el de *heir at law,* o sea, el de *''heredero legítimo,''* y como ya hemos decidido repetidas veces que en caso de conflicto entre el texto inglés de una ley y el texto español aquél ha de prevalecer sobre éste por ser el firmado por el Gobernador, es necesario reconocer que el heredero legítimo de un finado tiene derecho a pedir la administración judicial de sus bienes.

Sostiene la parte apelante que la jurisprudencia establecida por esta Corte Suprema sobre prelación del texto inglés sobre el español es aplicable cuando se trata de leyes nuevas o de origen americano, pero no cuando las leyes son genuinamente españolas como la de Procedimientos Legales Especiales. No resolveremos si es correcta o no la contención del apelante. Sería aventurado afirmar que esa ley sea genuinamente española, por más que varios de sus preceptos han sido tomados de la antigua Ley de Enjuiciamiento Civil; pero precisamente en relación con la cuestión legal que estamos examinando, el texto español del artículo 23 no guarda armonía con la antigua Ley de Enjuiciamiento Civil y sí el texto inglés que al igual que aquella ley reconoce a los here-

deros legítimos el derecho de solicitar la administración judicial, sin negarlo a los herederos forzosos, pues entre los legítimos ocupan lugar preferente los designados por la ley con el nombre de forzosos como llamados con preferencia a suceder al fallecido *abintestato.* Hoy como antes, con arreglo al texto inglés del artículo 23, cualquier heredero, legítimo o forzoso, tiene el derecho a solicitar la administración judicial de los bienes del difunto, y así se desprende de la Ley de Procedimientos Legales especiales al referirse en sus preceptos tanto a las testamentarías como a los *abintestatos.*

No cabe estimar el primer error alegado como fundamento para la revocación de la resolución apelada; pero sí procede su revocación por el segundo y tercer errores alegados.

La petición de Carlos Sabater no se ajusta al precepto del artículo 23 de la Ley de Procedimientos Legales Especiales que dejamos transcrita, pues no es una petición según exige dicho artículo debidamente justificada en que se demuestren los hechos necesarios para obtener el fin pretendido. No se justifica el fallecimiento de Juanita Sabater ni que el peticionario y los siete hermanos que enumera y el viudo José Escudero sean legítimos herederos de la misma.

La declaratoria de herederos en caso de sucesión intestada debe obtenerse en la corte de distrito competente con sujeción a las formalidades que previene el Capítulo III del Título I de dicha ley. Cuando se acude a la Ley de Procedimientos Legales Especiales para instar la administración judicial, debe irse con un derecho claro respecto a la personalidad del peticionario, porque esos procedimientos no tienen por objeto la declaración de derechos, sino únicamente en vista de un derecho claro y reconocido, el obtener la administración judicial de los bienes de la persona que tiene derecho a heredar. *Puente* v. *Puente,* 16 D. P. R. 582, y *Rivera* v. *Cámara,* 17 D. P. R. 528.

Finalmente, el artículo 31 de la Ley de Procedimientos Legales Especiales, según lo hemos interpretado al resolver en 16 de mayo corriente el caso de *Díaz y Molinaris et al.*

*v. Cividanes,* establece una preferencia a favor del cónyuge viudo en cuanto al nombramiento de administrador de los bienes del cónyuge difunto, por más que pudiera darse el caso de existir razones tan poderosas que fuera necesario nombrar administrador a otra persona. En el presente caso no se ha demostrado razón alguna que justifique el nombramiento de un administrador extraño como Conrado García con postergación del viudo.

Es de revocarse la resolución apelada.

*Revocada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey. El Juez Asociado Sr. Hutchison firmó ''conforme con la sentencia.''