Martínez, Peticionario, *v.* Crosas, Juez de Distrito, Demandado.

Solicitud para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Aguadilla en procedimiento sobre administración judicial.

/ No. 191.—Resuelto en julio 28, 1917.

Certiorari—Administración Judicial—Ordenes Después de Entablada Apelación—Falta de Notificación.—No procede en un recurso de *certiorari* anular unas órdenes, dictadas después de entablada apelación en procedimiento de administración judicial, rebajando el montante de la fianza del administrador y para la incautación de los bienes, por el fundamento de que lo fueron sin haberse notificado previamente de los procedimientos a la parte opositora, si de los autos originales aparece que tuvo noticia de los mismos al hacer una moción para que se dejaran aquellas órdenes sin efecto por otras razones, y no demuestre verdaderos perjuicios que no puedan subsanarse por la apelación.

Administración Judicial—Apelación—Suspensión de los Procedimientos.—En el caso de que una resolución decretando la administración judicial de los bienes de un finado y nombrando administrador sea apelable, lo será en un solo efecto, esto es, sin suspenderse su ejecución, según el artículo 85 de la Ley de Procedimientos Legales Especiales aprobada en 9 de marzo de 1905 y las disposiciones del Título IX, Libro I de la antigua Ley de Enjuiciamiento Civil.

Id.—Id.—Alimentos—Suspensión de la Pensión Alimenticia.—Sea apelable o no una orden señalando alimentos dentro del procedimiento de administración, no es susceptible de suspensión.

Los hechos están expresados en la opinión.

El peticionario compareció en nombre propio.

El Juez demandado no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Expedido en junio 5 último el mandamiento en este recurso de *certiorari* presentado por Víctor P. Martínez y González, fueron remitidos por la Corte de Distrito de Aguadilla los autos originales del expediente No. 2355 tramitado por Pedro Angel y Laura María Martínez y Méndez, representados por su madre Cecilia Méndez, sobre administración judicial de los bienes de Víctor Martínez y Martínez. De los mismos aparece que por resolución de mayo 7, 1917 se decretó la administración, nombrándose administrador a Juan Martín Oronoz mediante fianza de cinco mil dólares; que por otra resolución del mismo día se concedió a los promoventes, por vía de alimentos, la cantidad de cien dólares mensuales; que contra ambas resoluciones interpuso el opositor Martínez y González recurso de apelación para ante este tribunal; y que posteriormente, en 23 y 26 de mayo, fueron dictadas por la corte dos resoluciones: la primera rebajando a dos mil dólares la fianza señalada al administrador y la segunda ordenando se le expidiera la correspondiente carta de administración en testimonio de su derecho y para que se le pusiera en posesión de los bienes de la herencia.

Alega el peticionario que de acuerdo con el artículo 297 del Código de Enjuiciamiento Civil el procedimiento debió quedar suspendido por su apelación y que las resoluciones de 23 y 26 de mayo fueron dictadas sin darle previa notificación, con infracción del artículo 135 del mismo código. Pero de los autos originales consta que el peticionario, en junio 5—esto es, el mismo día en que esta corte expidió el mandamiento de *certiorari*—presentó a la corte inferior una mo-

ción solicitando se dejaran sin efecto las expresadas resoluciones, en la que no se queja de la falta de notificación sino de la materia sustancial de las mismas; de lo que se deduce que tuvo alguna noticia de los procedimientos. No consta la actuación de la corte en cuanto a esa moción. Sostiene el peticionario además que la apelación suspendió la ejecución de la resolución decretando la administración y nombrando al administrador. La cuestión de apelaciones, en lo contencioso, generalmente se rige por el Código de Enjuiciamiento Civil vigente, pero hay muchas otras apelaciones, como en pleitos de desahucio, procedimientos especiales y otros casos que se rigen por leyes especiales. Al adoptarse en 1904 el Código de Enjuiciamiento Civil la cuestión de jurisdicción voluntaria no se mencionó para nada y tampoco se hizo mención de varios procedimientos de la jurisdicción contenciosa entre los cuales figuraban los comprendidos en los Títulos IX y X del Libro II de la Ley de Enjuiciamiento Civil anterior sobre juicios abintestato y testamentaría. Entendemos que esa materia quedó regulada como lo estaba antes hasta que la Ley de Procedimientos Legales Especiales aprobada en marzo 9, 1905 vino a llenar hasta cierto punto el vacío de la nueva Ley de Enjuiciamiento Civil. La Ley de Procedimientos Legales Especiales nada provee sobre recursos contra resoluciones sobre administración de bienes en juicios de testamentaría o abintestato, del carácter de la de 7 de mayo, 1917, por la que se decretó la administración judicial de los bienes de Víctor Martínez y Martínez nombrándose administrador a Juan Martín Oronoz. Sin que entremos a considerar si dicha resolución es apelable o no opinamos que en el caso de que lo sea lo será únicamente en un solo efecto.

Fundamos nuestra opinión en la disposición final, o sea, en el artículo 85 de la Ley de Procedimientos Legales Especiales aprobada en 9 de marzo de 1905 y en las disposiciones del Título IX, Libro I, de la antigua Ley de Enjuiciamiento Civil, que trata de los recursos contra las resoluciones judiciales y sus efectos, habiendo examinado dichas disposiciones

en relación con la naturaleza de la orden de 7 de mayo sobre administración judicial, tendente a asegurar los intereses de los menores mediante la· administración de los bienes del finado. En cuanto a la otra orden de 7 de mayo de 1917, sobre señalamiento de alimentos, sea apelable o no, no es susceptible de suspensión.

El peticionario no ha demostrado que con la rebaja de la fianza del administrador y la incautación de los bienes de la herencia, se le van a ocasionar verdaderos perjuicios que no puedan subsanarse por la vía ordinaria de las apelaciones que ha interpuesto; y por tanto, la petición de *certiorari,* y la moción para mostrar causa de por qué Cecilia Méndez, Juan Martín Oronoz y Eleodoro Salas no deben ser castigados por desacato, deben ser declaradas sin lugar, anulándose el auto expedido.

> *Sin lugar el recurso y anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.