GREGORIO CEREZO, demandante y apelado, *v.* MANUEL RIVERA, demandado y apelante.

No. 3664.—*Visto:* Diciembre 3, 1926. *Resuelto:* Junio 2, 1926.

1. EVIDENCIA—PRUEBA DOCUMENTAL—CERTIFICADOS DE RÉCORDS OFICIALES—REGISTROS PARROQUIALES ANTES DEL 1885—PARTIDA BAUTISMAL.—Una partida de bautismo, o copia certificada de la inscripción, hecha en 1882 es admisible en evidencia sin necesidad de establecer que el párroco que la expide esté facultado o autorizado para expedirla, ni que tuviese capacidad legal suficiente para expedir copia del original que se supone estar bajo su custodia.

2. EVIDENCIA—PRUEBA DOCUMENTAL—CERTIFICADOS DE RÉCORDS OFICIALES—REGISTROS PARROQUIALES ANTES DEL 1885—PARTIDA BAUTISMAL.—La. partida de bautismo, o copia certificada de su inscripción, hecha en 1882, expedida por el párroco que tiene el registro bajo su custodia, es admisible en evidencia para probar la fecha del nacimiento y estado civil de un hijo natural que reclama como heredero de su madre difunta.

3. APELACIÓN Y ERROR—NATURALEZA Y FUNDAMENTOS DE LA JURISDICCIÓN APELATIVA—JURISDICCIÓN DE LA CORTE DE DONDE EL CASO PROCEDE EN APELACIÓN.—En este caso se atacó la'jurisdicción apelativa de la corte de distrito por una supuesta falta de jurisdicción en la municipal, alegándose se trataba de un procedimiento de declaratoria de herederos en el cual la última carece de jurisdicción. *Se resolvió:* que la acción ejercitada no era una sobre declaratoria de herederos y tal cuestión sólo fué un punto incidental que quedó resuelto únicamente entre las partes para establecer un eslabón necesario en la cadena de título del demandante.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), declarando con lugar la demanda, con costas. *Confirmada.*

*Alberto García Ducós, Juan B. Soto* y *Sebastián García Díaz,* abo-

gados del apelante; *García Méndez & García Méndez*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Una sentencia a favor del demandante para recobrar una casa valorada en $350 más la suma de $120 por concepto de daños y perjuicios por haberse dejado de obtener las rentas y beneficios producidos por dicha casa, fué basada por el juez sentenciador en la siguiente opinión:

"El día 18 del mes de septiembre y a las dos de la tarde se vió este caso ante esta Corte en apelación de la Corte Municipal de Aguadilla, donde se dictó sentencia a favor de la parte demandante. La evidencia de ambas partes contendientes fué documental y testifical. Ni demandante ni demandado tienen título inscrito en el Registro de la Propiedad, y en su consecuencia, no existe en este pleito cuestión alguna que tenga relación con la Ley Hipotecaria.

"Prueba del demandante.—El demandante presentó prueba documental para probar la muerte de Gregoria Cerezo y el nacimiento del demandante y su inscripción como tal hijo de Gregoria Cerezo, lo que también se probó con evidencia testifical adecuada. Esto es suficiente para justificar el carácter de heredero de un demandante que reclama a virtud de tal carácter. Soriano et al. vs. Rexach, 23 D.P.R. 573; Morales et al. vs. Landrau et al., 15 D.P.R. 782, y la constante jurisprudencia del Tribunal Supremo en este sentido.— Presentó asimismo el demandante prueba testifical consistente en las declaraciones de los testigos, Bernardino Jiménez, Francisca Sánchez, Gerardo Cabán y la del propio demandante Gregorio Cerezo. Con esta evidencia que fué a nuestro entender absolutamente clara, quedó satisfactoriamente probado que Gregorio Cerezo es el único y universal heredero de Gregoria Cerezo, quien falleció en Aguadilla el día 8 de diciembre de 1872; que Gregorio Cerezo nació para esa misma fecha ya que su madre murió de parto y que desde su citado nacimiento vivió en la casa objeto de la presente reivindicación; que allí permaneció viviendo en unión de su tío Agustín Cerezo; que éste enfermó gravemente hace próximamente 23 años y que sus vecinos Juan Roldán y Eustaquia Cabán fueron a asistirlo; que dicho Agustín Cerezo murió poco tiempo después de su gravedad o sea hará 23 años más o menos, permaneciendo en la casa el demandante Gregorio Cerezo y quedaron allí también por su tolerancia los citados Juan Roldán y Eustaquia Cabán; que posteriormente, Gregorio

Cerezo, hombre débil, torpe e ingénuo, fué desaforado de dicha casa por los expresados Juan Roldán y Eustaquia Cabán, no obstante, reconociendo éstos en todas ocasiones que aquél era el único y legítimo dueño de dicha propiedad, según claramente aparece de la declaración de Gerardo Cabán, quien era hermano de Eustaquia Cabán; que el único dueño de dicha casa lo es el demandante y que su inmediata anterior dueña lo fué su madre doña Gregoria. Cerezo; que ésta nunca vendió dicha casa ni la vendió tampoco el demandante y que ningún tribunal competente le privó de su disfrute y que el demandado posee dicha casa contra la voluntad del demandante, de mala fe y sin título alguno que lo justifique; fué presentada evidencia convincente para probar los demás extremos de la demanda y especialmente aquellos que se refieren a los daños y perjuicios ocasionados por el demandado al demandante.—Prueba del demandado.—El demandado presentó prueba documental consistente en dos escrituras otorgadas en los años 1920 y 1922; la primera, en la cual aparece Juan Roldán vendiendo la casa objeto de este pleito a su hija Eulalia Roldán; y la segunda, en la que aparece ésta vendiendo la misma propiedad en unión de su esposo Manuel Rivera al padre de éste (padre político de ella) Manuel Rivera Ortiz; y presentaron además prueba testifical para probar lo alegado en su contestación o sea que Roldán adquirió por compra a Rafael Ferrer; y quisieron probar además que Ferrer adquirió por compra a Agustín Cerezo, tío del demandante. Presentó asimismo la parte demandada una serie de recibos otorgados por don Rafael Ferrer y doña Magdalena Calderón en la cual cobraban ciertas cantidades de dinero por el uso de solares de su propiedad en los cuales había enclavadas casas pertenecientes a otras personas, recibos que la Corte admitió para darles el valor que tuvieran al relacionarlos con las demás pruebas, ya que era el deseo de la parte demandada probar que las distintas personas alegadas por dicha parte como anteriores dueños de la casa objeto del litigio habían satisfecho el importe del uso de un solar al citado Ferrer y esposa y que ese solar no era otro que el ocupado por la casa de referencia.—Conclusiones a que ha llegado la corte.—La Corte ha considerado todas las pruebas en conjunto, y teniendo en consideración especialmente la clase de testigos de una y otra parte, la manera de ellos declarar y otras circunstancias que no se escapan jamás al sereno análisis de un criterio imparcial, ha llegado a la conclusión de que existe absoluta preponderancia de prueba a favor de la parte demandante, y, a pesar de que la misma es casi en su totalidad testifical, es una evidencia clara, espontánea, y razonable, sin contradicciones de especie alguna. Por el contrario,

la prueba del demandado no satisfizo a la Corte, estuvo llena de contradicciones y no fué ni razonable ni clara.   Presentaron dos escrituras para justificar el título del demandado, una, en la cual aparece éste comprando a su hijo e hija política y otra en la que dicha hija política Eulalia Roldán compró a su padre Juan Roldán y éste vendió a ella, siendo su única heredera; ambas escrituras de reciente fecha, a cuyas escrituras la Corte no ha podido darles ninguna importancia, no solamente por las circunstancias que rodean su otorgamiento, sinó porque la parte demandada no presentó ninguna otra prueba documental que conectara a Roldán con Rafael Ferrer, persona a quien se alegó él le compró.   La prueba testifical en este sentido fué también vaga e imprecisa y en su consecuencia poco convincente.   El otorgamiento de tales escrituras, entiende la Corte, fué con el objeto de aparentar un justo título que no pudo conectarse en debida forma con los otros anteriores dueños, y trató además la parte demandada de probar que Rafael Ferrer, persona que se alegó vendió a Juan Roldán por documento privado que no se trajo a la Corte, había asimismo adquirido por compra a Agustín Cerezo, tío y padre de crianza del demandante; transacción que no ha sido no solamente probada sinó por el contrario aparece negada abiertamente por uno de los principales testigos del demandado el señor don Ramón Ponce.   Existe una importantísima contradicción entre las alegaciones y las pruebas del demandado.   En su contestación a la demanda, hecho segundo, dicho demandado dice:—'Que adquirió dicha finca por compra que hizo en 1922 a doña Eulalia Roldán, quien poseyó dos años y adquirió por compra a Juan Roldán, quien poseyó más de veinte años y adquirió por compra a Rafael Ferrer, quien poseyó más de 10 años.'—Según esta alegación, Rafael Ferrer compró dicha casa hace más de treinta y cuatro años sin alegarse a qué persona; según la prueba, aparece querer probarse que la compró a don Agustín Cerezo en los últimos días de su vida o sea hace veintitrés años más o menos, según claramente fué establecido por la evidencia aportada por una y otra parte.— No aparece prueba en forma alguna que indique que la acción está prescrita.   El demandado no ha probado una posesión durante diez años con buena fe y justo título ni menos por veinte años entre presentes y ausentes, tampoco pudo dicho demandado ampararse en la prescripción de treinta años que establece el artículo 1860 del Código Civil, que no exige ni la buena fe ni el justo título.—En cuanto a los daños y perjuicios alegados por la parte demandante, la prueba fué categórica y la misma no ha sido controvertida por la parte demandada en forma alguna.   El caso es pues, completamente sencillo,

sin que haya habido que hacer ningún esfuerzo mental para resolverlo como lo resuelve esta corte a favor del demandante-apelado, por lo que y en su consecuencia, dicta sentencia por separado de acuerdo con la súplica de la demanda.''

El apelante alega que la corte inferior cometió los siguientes errores:

''Primero: La Corte incurrió en error al declarar que el demandante Gregorio Cerezo es hijo único y universal heredero de la causante Gregoria Cerezo, antigua y única anterior dueña de la casa que se describe en la demanda, y como consecuencia, el único y legítimo dueño de ella.

''Segundo: La Corte erró al declarar con lugar la demanda, por no tener jurisdicción para conocer del caso del epígrafe.''

[1] La primera proposición del primer señalamiento de error es que la corte inferior incurrió en error al admitir, no obstante la objeción del demandado, una partida de bautismo o copia certificada de la inscripción hecha en 1882 en los récords de la iglesia expedida por el cura de la parroquia y ofrecida como prueba para demostrar la fecha del nacimiento y filiación del demandante.

Sobre este punto dice el apelante:

''Fué un manifiesto error de la corte al admitir dicho documento en evidencia, por cuanto no se estableció por la parte demandante que el tal P. Juan de Gorostiza estuviese facultado ni autorizado para expedir certificaciones en Puerto Rico, y además, porque no se estableció el hecho de que la persona que aparece firmando dicho documento tuviese capacidad legal suficiente para expedir, en el concepto que se alega en la certificación, copia del original que se suponía estar bajo su custodia.''

Esta cuestión ha sido resuelta en sentido adverso a la contención del apelante en los casos recientes de *Montañez* v. *El Registrador,* 34 D.P.R. 777, *Silva* v. *Carbonell,* 35 D. P.R. 244, y *Burgos* v. *Medina,* resuelto en esta fecha.

[2] Después, para sostener la proposición de que la corte de distrito incurrió en error al tomar en consideración la partida de bautismo como prueba tendente a establecer el estado civil del demandante como hijo natural de Grego-

ria Cerezo, el apelante hace referencia a una sentencia de la Corte Suprema de España de fecha junio 28, 1864 y al caso de *Rivera* v. *Cámara,* 17 D.P.R. 534, y al de *Iturrino* v. *Iturrino,* 24 D.P.R. 467.

Esta cuestión fué a la vez discutida y resuelta en el caso de *Iturrino* v. *Iturrino, supra,* y diferenciada en el de *Ex Parte Otero,* 27 D.P.R. 340.

En el presente caso los padrinos nombrados en la partida de bautismo eran Agustín Cerezo y Beatriz Ferrer.

Las declaraciones de los testigos del demandado tienden a corroborar y robustecer más que a contradecir el testimonio del demandante al efecto de que era hijo natural y único de Gregoria Cerezo.

Otra proposición y última del primer señalamiento es que la prueba no acreditó suficientemente la posibilidad de existir otros herederos. Puede admitirse que la prueba en este sentido no fué tan amplia y acabada como podía esperarse, pero no podemos decir que no presenta un caso *prima facie.*

[3] La alegada falta de jurisdicción de la corte de distrito se sostiene como consecuencia necesaria de una supuesta falta de jurisdicción en la corte municipal. La jurisdicción de la corte municipal se ataca por el fundamento de que un procedimiento especial sobre declaratoria de herederos sólo puede ser establecido en la corte de distrito.

La contestación a esta alegación a falta de algo más persuasivo que una manifestación de la premisa envuelta y la conclusión a que se pretendió llegar puede verse en el hecho de que la presente acción no es principalmente, o en un sentido general u ordinario, un procedimiento sobre declaratoria de herederos. La cuestión de herederos en este caso fué un punto incidental y quedó resuelta únicamente en cuanto al demandante y el demandado para poder establecer un eslabón necesario en la cadena del título del demandante.

*Debe confirmarse la sentencia apelada.*