In re José María Franceschi et al., peticionarios; López de Tord & Zayas Pizarro, opositores.

No. 6282.—*Sometido:* Marzo 13, 1933. *Resuelto:* Marzo 15, 1933.

648

*Henry G. Molina,* abogado de los peticionarios; *López de Tord & Zayas Pizarro,* comparecieron por su propio derecho.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Se nos pide que desestimemos la presente apelación interpuesta contra resolución que decretó el nombramiento de árbitros para examen de una cuenta, porque dicha resolución no es apelable y porque si lo es resulta frívolo el recurso interpuesto.

En el expediente de administración judicial de los bienes relictos por Francisco María Franceschi a su fallecimiento presentaron los abogados López de Tord & Zayas Pizarro una petición a la corte que conoce de esa administración para que se fijasen los honorarios que deben serles pagados por los servicios que han prestado como abogados del administrador judicial y de los herederos en varios pleitos. Dichos abogados solicitaron que el examen de las partidas de su cuenta fuera sometido a arbitraje y así lo decretó la corte de distrito. Contra esa resolución fué interpuesto por el actual administrador judicial y por los herederos de Franceschi la apelación cuya desestimación se solicita. Por consiguiente, la cuestión fundamental a resolver ahora es si tal resolución es apelable.

La resolución apelada es incidental en el procedimiento de administración judicial en que fué dictada pues resuelve una de las cuestiones en ella surgidas sin poner

término a dicha administración, por lo que no está comprendida en el apartado primero del artículo 295 del Código de Enjuiciamiento Civil que permite apelación contra sentencias definitivas pronunciadas en un pleito o procedimiento especial. Tampoco lo está en el número tercero de dicho artículo porque no es providencia especial dictada después de sentencia definitiva, pues no existe la sentencia que definitivamente ponga término a la administración judicial, ya que no es tal sentencia la resolución de 12 de diciembre de 1928 que decretó la administración judicial de dichos bienes; ni es sentencia interlocutoria dictada en pleito sobre partición de propiedad real. Los demás particulares de ese párrafo tercero se refieren a casos distintos del presente y el número segundo del citado artículo es para apelaciones de cortes municipales.

■ *Por lo expuesto, no estando comprendida esta apelación en ninguno de los casos del artículo 295 citado, debe ser desestimada.*