María Antonia Detres, peticionaria, *Ex parte;* Juana Ramona del Rosario Alvarez, conocida por Rosario Alvarez, peticionaria y apelante, Ex parte.

Núm. 9336.—*Sometido:* Junio 3, 1946. *Resuelto:* Julio 24, 1946.

*Jorge Díaz Cruz,* abogado de la apelante; *Enrique Báez García,* abogado de la peticionaria Detres, viuda del causante.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

José Nazario Alvarez, hijo natural de Juana Ramona del Rosario Alvarez, falleció intestado el día 17 de diciembre de 1945 dejando bienes, parte de los cuales son gananciales y parte privativos.

En enero 26 de 1946, María Antonia Detres, viuda de Nazario, acudió ante la Corte de Distrito de Ponce solicitando la administración judicial de los bienes del finado y pidiendo que se la designase a ella para el cargo de administradora, de acuerdo con lo dispuesto en el artículo 564 del Código de Enjuiciamiento Civil. En la misma fecha, la madre del finado radicó otra solicitud de administración judicial y pidió que se designase a Rubén Nazario como administrador judicial interino. La corte declaró con lugar la

petición de la madre, designó a Nazario como administrador interino y señaló el 2 de abril de 1946 para la vista de ambas solicitudes.

Celebrada la vista de ambas solicitudes, en las cuales se pedía que se decretase la administración judicial, la corte, después de oír la prueba de ambas partes, decretó la administración y designó para el cargo de administrador judicial en propiedad a la viuda María Antonia Detres, citando en apoyo de su resolución el artículo 564 del Código de Enjuiciamiento Civil y las decisiones de este Tribunal en *Díaz et al.* v. *Cividanes,* 23 D.P.R. 847; *Sabater* v. *Escudero,* 23 D. P.R. 854 e *Iturrino* v. *Iturrino,* 24 D.P.R. 78, por las cuales se reconoce una preferencia a favor del cónyuge viudo en cuanto al nombramiento de administrador. La corte hizo constar en su resolución que "no se ha consignado ningún hecho concreto demostrativo de que la cónyuge viuda esté incapacitada para el ejercicio del cargo de administradora."

En abril 10 de 1946, Juana Ramona del Rosario Alvarez, peticionaria en el caso Núm. 3956, radicó un escrito de apelación en el que alega:

"Que no está conforme con la resolución dictada por esta Hon. Corte el 9 de abril de 1946 por la que se designa a la viuda María Antonia Detres administradora judicial de los bienes del finado José Nazario Alvarez, por lo que apela de dicha resolución para ante la Hon. Corte Suprema de Puerto Rico."

La parte apelada solicita la desestimación del recurso, alegando entre otros motivos que si bien puede apelarse de una orden decretando la administración judicial, la apelación en este caso no ha sido interpuesta contra dicha orden, la cual fué solicitada por la propia apelante, y sí contra la designación hecha a favor de la viuda para el cargo de administradora, la cual no es apelable.

La moción de desestimación no puede prosperar. La resolución nombrando a la viuda administradora judicial de los bienes hereditarios es y debe ser considerada como parte

integrante de la resolución decretando la Administración Judicial, dictada el 9 de abril de 1946. Dicha resolución tiene el carácter de una sentencia definitiva pronunciada en un procedimiento especial, siendo por tanto apelable de conformidad con lo dispuesto en el artículo 295, inciso 1, del Código de Enjuiciamiento Civil. Además, si decidiéramos que la resolución nombrando a la viuda Administradora Judicial no forma parte de la sentencia declarando con lugar la administración, dicha resolución siempre sería apelable por ser una providencia especial dictada después de la sentencia definitiva, según lo dispuesto en el inciso 3 del citado artículo 295 del Código de Enjuiciamiento Civil.

██ No habiéndose elevado a esta Corte la transcripción de la evidencia presentada a la corte inferior, este Tribunal no está en condiciones para poder determinar si el recurso es o no frívolo.

*Se declara sin lugar la desestimación solicitada.*