584

Luz María Sampedro Viuda de Fournier, peticionaria y apelada, *v.* Carmen y Monserrate Fournier Carrión, opositoras y apelantes.

Núm. 9891.—*Sometido:* Diciembre 14, 1948. *Resuelto:* Febrero 24, 1949.

*E. Martínez Rivera* y *L. Blanco Lugo,* abogados de las apelantes; *Ricardo La Costa, Jr., Mariano Acosta Velarde* y *Daniel Pellón Lafuente,* abogados de la apelada; *Félix Ochoteco, Jr.,* abogado de Dolores Sampedro y Ramón Antonio Fournier Sampedro; *Otero Suro & Otero Suro,* abogados de Alicia Fournier Carrión.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

Esta apelación se interpuso contra una resolución de la corte inferior nombrando a Luz María Sampedro viuda de Fournier administradora judicial permanente de los bienes relictos por su esposo Ramón Fournier. Algunos de los herederos de Fournier apelaron de la resolución. La ape-

lada solicita ahora la desestimación del recurso por el fundamento de que una resolución nombrando un administrador judicial no es apelable.

Esta cuestión ha sido resuelta varias veces por este Tribunal sin que exista uniformidad en sus decisiones.(¹)   Ante esta situación es conveniente pasar de nuevo sobre el punto en controversia.

■■■ El recurso de apelación es un derecho estatutario, es decir, el derecho de apelar no existe en defecto de un estatuto que lo conceda.   El Código de Enjuiciamiento Civil no dice expresamente que la resolución nombrando un administrador judicial sea apelable.   Siendo ello así, es necesario recurrir al artículo 295 del Código de Enjui-

---

(¹)Así vemos que en el caso de *Rivera* v. *Cámara,* 17 D.P.R. 528, en que se trataba de un recurso contra una resolución denegando una moción para anular el nombramiento de administrador judicial, se dijo:

"Esta resolución es apelable porque ha resuelto definitivamente la cuestión de si procede o no el nombramiento de administrador judicial de acuerdo con la petición de Ignacio Rivera y con la oposición de Cámara a que tal nombramiento se hiciera." (pág. 533.)

En *Díaz et al.* v. *Cividanes,* 23 D.P.R. 847, se apeló de una resolución denegando el nombramiento de un administrador judicial. La corte revocó la resolución, pero no se levantó la cuestión de si la misma era o no apelable. Lo mismo sucedió en *Sabater* v. *Escudero,* 23 D.P.R. 854.

En *Martínez* v. *Crosas, Juez de Distrito,* 25 D.P.R. 789, se dijo:

"Sin que entremos a considerar si dicha resolución es apelable o no [nombramiento de administrador judicial] opinamos que en el caso de que lo sea lo será únicamente en un solo efecto." (pág. 791.)

En *In re Franceschi y López de Tord etc.,* 44 D.P.R. 647, si bien se trataba del nombramiento de un árbitro dentro de un procedimiento de administración judicial, se dijo por este Tribunal que ese nombramiento no estaba incluído en el número tercero del artículo 295 por no ser una providencia especial dictada después de sentencia definitiva, *toda vez que el nombramiento de administrador judicial no es una sentencia que definitivamente ponga término a la administración.*

En *Rivera Bonilla, Ex Parte,* 53 D.P.R. 403, 405, se dijo que la sentencia que pone fin al procedimiento de administración judicial es el auto definitivo, bien aprobando la cuenta presentada por el administrador o haciendo en ella modificaciones.

Y por último, en *Ex Parte Detrés,* 66 D.P.R. 502, se resolvió que una resolución nombrando administrador judicial tiene el carácter de sentencia definitiva pronunciada en un procedimiento especial y es apelable de conformidad con el inciso 1 del artículo 295 del Código de Enjuiciamiento Civil.

ciamiento Civil(²) que establece los tres casos en que las sentencias o resoluciones de las cortes de distrito son apelables para ante este Tribunal. La resolución en controversia evidentemente no está comprendida en ninguno de los casos que taxativamente se enumeran en el inciso 3 del citado artículo. Tampoco lo está en el inciso 2. En consecuencia, la cuestión se reduce a determinar si dicha resolución está comprendida en el inciso 1. Para ello será preciso que la misma tenga el carácter de sentencia o resolución definitiva dictada en un pleito o procedimiento especial.

El nombramiento de un administrador judicial permanente no pone fin a una controversia. Esa resolución es meramente el principio del proceso de la administración judicial, el cual termina con el auto definitivo aprobando la cuenta presentada por el administrador o haciendo en ella las modificaciones y alteraciones que procedan. De ahí que el artículo 590 del Código de Enjuiciamiento Civil expresamente dispone que la resolución aprobando o modificando la cuenta del administrador, es un auto definitivo contra el cual podrá interponerse recurso de apelación. Si la inten-

---

(²)El artículo 295 del Código de Enjuiciamiento Civil prescribe:

"Art. 295. Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* negándose a conceder o anular un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría."

ción del legislador hubiera sido conceder el derecho de apelación para revisar una resolución nombrando un adminis-trador judicial permanente, fácil le hubiera sido hacerlo, como lo hizo, por el artículo 590 antes citado, donde se trata de la aprobación de la cuenta final.

Comparando los artículo 564 y 590 de nuestro Código de Enjuiciamiento Civil con los 975 y 1014 de la Ley de Enjuiciamiento Civil para las Islas de Cuba y Puerto Rico, aprobada por Real Decreto de 25 de septiembre de 1885 y reformada por la de 21 de agosto de 1896, advertiremos que los de nuestro Código están inspirados en los antes citados de la referida Ley de 1885.(³)  En Sentencias del Tribu-

---

(³) Los artículos 564 y 590 de nuestro Código de Enjuiciamiento Civil, respectivamente, disponen:

"Art. 564.—El día y hora señalados en la citación y después de oír personalmente o por medio de sus abogados, a las partes que hubieren comparecido nombrará el juez un administrador.  Podrá nombrar al cónyuge sobreviviente, o a la persona con mayor interés en la herencia o sucesión, si tuviere la capacidad necesaria para desempeñar el cargo; y si no la tuviere, o si todos fueren igualmente interesados, o se presentaren objeciones a tal nombramiento, designará el juez un extraño de reconocida honradez y capacidad."

"Art. 590.—La corte de distrito dictará auto definitivo, bien aprobando la cuenta presentada, o haciendo en ella modificaciones y alteraciones, con cargo al albacea o administrador, que el derecho y la justicia reclamen; contra dicho auto podrá interponerse recurso de apelación."

Y los artículos 975 y 1014 de la Ley de Enjuiciamiento Civil de 1885 prescriben:

"Art. 975.—En estos casos, si hubiere cónyuge sobreviviente que habitare en compañía del finado, se le nombrará depositario administrador, y a medida que se pueda formar el inventario de los bienes, le serán entregados en dicho concepto, levantándose sucesivamente las llaves y sellos conforme se vaya verificando la entrega.

"No se le exigirá fianza cuando, a juicio del Juez, tenga bienes propios suficientes, para responder de los que no le pertenezcan.  Si no los tuviere, deberá prestarla en la cantidad que el Juez determine.

"No habiendo cónyuge sobreviviente con capacidad legal para administrar los bienes, se dará dicho cargo a otra persona y se practicará lo prevenido en los artículos 966 y 967."

"Art. 1014.—Si las cuentas fueren impugnadas en tiempo hábil, se sustanciará la impugnación con el cuentadante por los trámites establecidos para los incidentes.

"*Contra el auto que ponga término al incidente de cuentas procederá la apelación en ambos efectos.*  Contra el que pronuncie la Audiencia se dará el recurso de casación."  (Bastardillas nuestras.)

nal Supremo de España de 27 de junio de 1892 y 13 de febrero de 1915, t. 71 Jur. Civ. pág. 851 y t. 132 Jur. Civ. pág. 461, respectivamente, en consonancia con la proposición que antes hemos enunciado, se resuelve que el auto nombrando un administrador judicial no tiene el concepto de definitivo, y por consiguiente, no procede contra el mismo, recurso de casación.

Lo expuesto nos lleva a la conclusión de que la resolución recurrida no es apelable. Los casos de *Rivera* v. *Cámara,* 17 D.P.R. 528 y *Ex Parte Detrés,* 66 D.P.R. 502, donde se resolvió lo contrario, deben entenderse revocados.

*Procede la desestimación del recurso.*

Los Jueces Asociados Sres. Marrero y Negrón Fernández no intervinieron.