Iturrino, Peticionario y Apelado, *v.* Iturrino, Opositora y
Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla
en causa sobre administración judicial.

No. 1437.—Resuelto en junio 9, 1916.

Vacaciones, Definición de.—Una vacación ha sido definida como todo el tiempo
comprendido entre el final de un término y el comienzo de otro, y también
como el intermedio de los procedimientos judiciales; el descanso de las cortes;
el tiempo dentro del cual las cortes no celebran sesiones.

Cámara—Significación.—El término ''cámara'' en su sentido corriente significa
el despacho particular, la oficina de un juez u otro sitio donde se oyen mo-
ciones, se dictan órdenes o el juez lleva a cabo algún trabajo fuera de la
corte durante el término o en vacaciones, en cuestiones en que no es nece-
saria una vista ante un juez o jueces que están celebrando sesión.

Administración Judicial—Administradores Permanentes—Administradores
Interinos—Vacaciones de las Cortes.—Por disposición expresa de la ley,
(sec. 26 de la ley de procedimientos legales especiales), las cortes de distrito
de Puerto Rico no tienen facultad para tramitar en vacaciones peticiones
de administración judicial; pero esto no obstante, en casos urgentes, de
acuerdo con los poderes generales que les confiere el artículo 22 del Código
de Enjuiciamiento Civil, tal como quedó enmendado en 1905, (leyes de 1905,
p. 211), pueden nombrar durante las vacaciones administradores interinos,
debiendo seguir, en lo posible, las reglas fijadas por el estatuto para el
nombramiento de administradores permanentes.

Id.—Cónyuge Viudo.—Heredero con Mayor Participación.—A falta de cón-
yuge viudo, la administración de los bienes de la herencia corresponde al
heredero con mayor participación. Artículo 31 de la ley de procedimientos
legales especiales.

Id.—Solicitud no Jurada—Administrador Interino—Ocultación o Sustrac-
ción de Bienes—Mayor Participación en la Herencia—Capacidad y Hon-
radez, Prueba en Contra de.—La mera insinuación en una solicitud no
jurada para que se nombre un administrador interino de que existen muebles
y semovientes entre los bienes de la herencia que pueden ser ocultados o
sustraídos, no es bastante para que el juez de distrito, sin existir prueba
alguna en contra de la capacidad y honradez del mayor partícipe, prescinda
en absoluto de él y le impida conservarlos y administrarlos hasta que sean
debidamente partidos y entregados a sus legítimos dueños.

Id. — Cuestión Sub-Judice — Reconocimiento en Forma Auténtica y Feha-
ciente—Hijos Naturales—Falta de Personalidad.—Cuando todavía está
*sub-judice* la cuestión de si el documento en que consta el reconocimiento
de un hijo natural es o no el que requieren la ley y la jurisprudencia para
que se entienda hecho el dicho reconocimiento en forma auténtica y feha-
ciente, carece el pretendido hijo natural reconocido de personalidad para

solicitar como heredero la administración judicial de los bienes de la herencia de su alegado padre natural de acuerdo con la ley de procedimientos legales especiales.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José de Guzmán Benítez.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 25 de agosto de 1915, hallándose en vacaciones la Corte de Distrito de Aguadilla, Luis Iturrino y López solicitó la administración judicial de los bienes dejados a su fallecimiento por el doctor Juan Dionisio Iturrino y Rivera fallecido bajo testamento en Cataño el 8 de octubre de 1913. En la solicitud presentada al efecto se alega que el peticionario es hijo natural auténticamente reconocido del dicho doctor, en virtud de expediente y decreto emanado del Superior Gobierno Eclesiástico de fecha 10 de octubre de 1884; que habiendo sido preterido en el testamento otorgado por su padre natural, inició un pleito en la dicha Corte de Distrito de Aguadilla que fué fallado a su favor por sentencia de 4 de junio de 1915 que declaró nulo el referido testamento, nula la institución de heredero hecha en el mismo a favor de la única hija legítima del doctor llamada Camila Teresa de Jesús Iturrino, y abrió la sucesión intestada del finado; que el peticionario tiene en tal virtud, como hijo natural reconocido y heredero forzoso, interés en el procedimiento; y que la única persona con derecho a suceder al doctor además del peticionario es la mencionada Camila Teresa de Jesús Iturrino que se halla en posesión material de todos los bienes de la herencia consistentes en fincas rústicas y urbanas y otros bienes muebles y semovientes que tienen un valor aproximado de veinte y cinco mil pesos y que están situados, en su mayor parte, en San Sebastián, P. R. La solicitud está jurada pero no documentada.

El 8 de septiembre de 1915 el peticionario presentó otro escrito a la misma corte, que aún se hallaba en vacaciones,

solicitando el nombramiento de un administrador interino, indicando para el cargo a Santiago López. El escrito no está jurado.

El once de septiembre de 1915 el juez, hallándose aún la corte en vacaciones, nombró administrador interino a la persona designada por el peticionario, quien debería prestar una fianza de veinte mil dólares antes de entrar en el desempeño de su cargo.

El mismo día once de septiembre de 1915 la corte mandó citar a Camila Teresa de Jesús Iturrino, para una junta que debería celebrarse el 28 de dicho mes para tratar del nombramiento de administrador.

Así las cosas, el 25 de septiembre de 1915, Camila Teresa de Jesús Iturrino solicitó que se dejara sin efecto la administración decretada, y discutida su solicitud, el 28 del mismo mes, el juez de distrito, el 8 de octubre de 1915, cuando habían terminado ya las vacaciones, la declaró sin lugar dejando subsistentes la administración judicial decretada y el nombramiento de administrador interino hecho en vacaciones, reservándose hacer en su día un nuevo señalamiento para la comparecencia de la hija legítima del finado a los efectos del nombramiento definitivo de administrador. Contra esa resolución de la corte interpuso Camila Teresa de Jesús Iturrino el presente recurso de apelación.

Sostiene la parte apelante que la Corte de Distrito erró: 1, al tomar en consideración y resolver la solicitud de administración hallándose como se hallaba en vacaciones; 2, al nombrar el administrador interino, por no demostrar los hechos alegados en la solicitud que se estuviera en el caso que sanciona el artículo 30 de la Ley de Procedimientos Legales Especiales; 3, al permitir la enmienda del juramento de la solicitud inicial, y 4, al declarar que el peticionario tenía el carácter de heredero forzoso del doctor Iturrino.

1. Examinemos el primer error. Es un hecho admitido que cuando se presentó y se mandó tramitar la petición de administración judicial en este caso, la corte de distrito se

hallaba en vacaciones, y como el artículo 26 de la Ley de Procedimientos Legales Especiales de 1905, tal como fué enmendado en 1906, dispone que "si dicha corte de distrito estuviere en vacaciones, la petición se presentará en la próxima sesión," el apelante sostiene que la corte de distrito erró al actuar en la forma en que lo hizo.

Una vacación ha sido definida como "todo el tiempo comprendido entre el final de un término y el comienzo de otro," y también como "el intermedio de los procedimientos judiciáles; el descanso de las cortes; el tiempo dentro del cual las cortes no celebran sesiones." Véase 7 R. C. L. 992.

Al tratar de los poderes de los jueces en cámara o en vacaciones, se expresa Cyc., así:

"Cuando la ley autoriza o tiene por objeto que se ejecute un acto judicial, se entiende que quiere significar que la corte dentro del término puede ejecutarlo, y que el juez en vacaciones no puede, sin tener autoridad expresa, actuar sobre el mismo. Aunque la precedente es una regla general, es evidente que las reglas cuyo fin es la protección de los derechos, de nada servirían si quedaran privados los jueces de toda facultad en cualquier otro tiempo que no fuera aquel en que la corte está celebrando sesión. Como consecuencia de esto en una época muy lejana asumían los jueces el derecho de ejercitar facultades judiciales en cámara y en vacaciones, lo que según su criterio tendía a beneficiar la tramitación de los asuntos de la corte sin intervenir de un modo especial con el derecho de cualquier litigante." 23 Cyc. 543.

"En los Estados Unidos las facultades de los jueces en cámara han sido ampliadas por la Constitución y el estatuto, y en Canadá por el estatuto; y al determinarse la facultad que tiene un juez en cámara o en vacaciones, siempre sería conveniente consultar la constitución local y los estatutos. A falta de prohibición constitucional, puede la legislatura conferir a los jueces la facultad de ejecutar actos judiciales en vacaciones o en cámara; pero con exclusión de aquellas facultades que ejercitaban los jueces de acuerdo con la ley común en cámara y en vacaciones, un juez puede únicamente ejercitar aquellas funciones judiciales autorizadas expresamente por la constitución o el estatuto, y debe proceder teniendo muy en cuenta las limitaciones de dichas funciones, pues si se excede de las mismas sus actos serán nulos. Pero las cortes no interpretarán el estatuto

que les confiere esa facultad en el sentido de establecer limitaciones y restricciones que no hayan sido expresadas en el mismo, y carecen de facultad para adoptar reglas de ninguna clase que limiten el ejercicio de las atribuciones conferidas por el estatuto.'' 23 Cyc. 544.

En Puerto Rico la ley general vigente sobre la materia está contenida en la ley para enmendar el artículo 22 del Código de Procedimiento Civil, aprobada en 8 de marzo de 1905, Leyes de 1905, p. 211, que copiada a la letra dice así:

''Sección 1.—Queda modificado el artículo 22 del Código de Enjuiciamiento Civil en la forma que sigue:

''Los jueces de distrito podrán dictar en sus despachos, si así se solicitare:

''(*a*) Las providencias, autos y órdenes de todo género que se insten en los asuntos *ex parte,* o sea en aquellos en que no exista contienda.

''(*b*) Los autos de *mandamus, certiorari,* inhibitorios y prohibitorios.

''(*c*) Las providencias, autos interlocutorios, y toda resolución afectante al procedimiento o encaminada a asegurar la efectividad de la sentencia, que se soliciten antes de contestar la demanda o después de contestada, y también en el período de ejecución de sentencia.

''En los casos a que se contraen los apartados letras (*b*) y (*c*) la parte o partes que se consideren agraviadas, podrán dentro de los cinco días siguientes oponerse a la resolución recaída, y la oposición así suscitada, se resolverá por el juez, también en su despacho, dentro de un plazo máximo de diez días, a contar de la fecha en que se presentare la oposición.

''Sección 2.—Toda ley o parte de ley que se oponga a la presente, queda derogada.

''Sección 3.—Esta Ley estará en vigor, desde la fecha de su aprobación.''

Aplicando esa ley general al caso que pende ante nosotros, la cuestión quedaría resuelta en contra del apelante, ya que las palabras: ''en sus despachos,'' puede considerarse que comprenden no sólo las órdenes que el juez dicta fuera de corte abierta durante los términos de labor, si que también las que acuerda mientras la corte se halla en vacaciones.

''Durante las vacaciones,'' dice la obra Cyclopaedic Law

Dictionary, p. 942, "el juez en cámara dicta órdenes y reso-
luciones en aquellos casos que son urgentes."

Y la *Encyclopaedia of Pleading and Practice,* tomo 4,
p. 337, se expresa así:

"El término 'cámara' en su sentido corriente significa el despacho
particular u oficina de un juez u otro sitio donde se oyen mociones,
se dictan órdenes o el juez lleva a cabo algún otro trabajo fuera de
la corte, durante el término o en vacaciones, en cuestiones en que no
es necesaria una vista ante un juez o jueces que están celebrando
sesión."

Sin embargo no es la ley general la que debe aplicarse,
sino el precepto especial sobre la materia que dejamos trans-
crito. Los términos en que está redactado ese precepto son
categóricos, y la voluntad de la Legislatura debe cumplirse.

Esto no quiere decir que el juez no pueda tomar mientras
se encuentra la corte en vacaciones medidas urgentes que
tiendan a asegurar la buena administración y conservación
de los bienes de las herencias, háyase o no iniciado el proce-
dimiento durante alguno de sus términos de labor. La misma
parte apelante limita su impugnación por el motivo indicado
a la tramitación de la solicitud de administración judicial
en general, pero no hace referencia al nombramiento de ad-
ministrador interino en particular. Para acordar dicho nom-
bramiento en vacaciones, en casos propios, la facultad de la
corte de distrito es clara. No existiendo prohibición expresa
en la ley de procedimientos legales especiales, es aplicable la
regla general establecida en el artículo 22 del Código de En-
juiciamiento Civil.

2. Examinemos el segundo error. La solicitud no jurada
pidiendo el nombramiento de administrador interino, copiada
a la letra, dice así:

"Comparece el peticionario por representación de su abogado y
respetuosamente expone:

"1. Que ha presentado una petición sobre administración judicial
de los bienes del finado Dr. Juan Dionisio Iturrino, iniciando con la
misma este expediente.

"2. Que según se ha alegado en el hecho 7º. de la petición, la persona finada ha dejado bienes sujetos a partición, consistentes en fincas rústicas y urbanas:

"3. Que las fincas rústicas del finado producen café y ya ha comenzado la cosecha del fruto; estando dichos bienes en la posesión material de la hija legítima del finado desde que falleció éste;

"4. Que asimismo las fincas urbanas producen rentas y éstas son administradas por dicha hija legítima;

"5. Que existen además bienes semovientes en las fincas rústicas pertenecientes a la sucesión del finado, que están asimismo bajo el control absoluto de dicha hija legítima;

"6. Que tales productos y semovientes, son susceptibles de ser sustraídos y ocultados, con lo cual quedaría perjudicado injustamente el peticionario, quien nunca ha tenido intervención en dichos bienes ni tampoco ha recibido renta o producto alguno de los mismos;

"7. Que esta corte se halla en su período de vacaciones y de dilatarse este asunto, tales bienes pueden ser ocultados y sustraídos y procede, de acuerdo con la ley y la justicia, una medida rápida que venga a proteger los derechos del peticionario;

"POR TANTO: el peticionario, solicita de V. H. que de acuerdo con el artículo 30 de la Ley de Procedimientos Legales especiales aprobada en marzo 9 de 1905, y enmendada por la No. 16 de 9 de marzo de 1911, y toda vez que no existe albacea testamentario, se sirva designar un administrador interino, bajo la necesaria fianza, para que se haga cargo de los bienes y efectos del finado, mientras se nombre administrador permanente; y el peticionario, se permite designar para tal cargo a Don Santiago López, persona de reconocida honradez y probidad que puede desempeñar dicho cargo bajo la autoridad de esta honorable corte.

"Mayagüez, para Aguadilla, a 8 de septiembre de 1915. (Firmado) Ledo. José Sabater. Abogado del peticionario. Recibida por correo hoy 9 de septiembre de 1915.— (Firmado) Alberto García Ducós. Subsecretario."

Dos días después de recibida en la corte la anterior solicitud, el juez dictó la siguiente orden:

"A la moción precedente y de acuerdo con lo que determina el artículo 30 de la Ley sobre Procedimientos Legales Especiales de 9 de marzo de 1905 enmendada en este punto por la Ley No. 16 de 9 de marzo de 1911, se nombra Administrador Interino de los bienes y efectos del finado Dr. Juan Dionisio Iturrino a D. Santiago López,

designado por el peticionario, siempre que preste fianza con dos buenos fiadores por la suma de 'veinte mil dólares.' Notifíquesele este nombramiento a los efectos oportunos. En su despacho a 11 de septiembre de 1915.· Firmado: Isidoro Soto Nussa, Juez.''

La facultad de la corte de distrito para nombrar un administrador interino mientras se nombra el administrador permanente, es clara.

Nada dice la ley con respecto a las personas que deban ser nombradas, pero a nuestro juicio deben seguirse en lo posible las reglas fijadas por el estatuto para el nombramiento de administradores permanentes. Véanse los casos de *Díaz et al.* v. *Cividanes*, 23 D. P. R. 847 y *Escudero* v. *Sabater*, 23 D. P. R. 854.

Según el mismo peticionario, los bienes dejados por su alegado padre natural estaban en poder de su única hija legítima Camila Teresa de Jesús Iturrino, que era, de acuerdo con la ley, la que mayor participación tenía en la herencia y a la que correspondía, por tanto, a falta de cónyuge viudo, su administración. Artículo 31 de la ley de procedimientos legales especiales.

Siendo esto así ¿cómo es posible, que por virtud de una solicitud *ex parte,* en que no se alega razón extraordinaria alguna, sin oirla previamente, el juez la privara de la dicha administración, encomendándola a un extraño en cuya designación no tuvo participación alguna?

Tienen los jueces una gran discreción en estos casos, pero el ejercicio de esa discreción no es arbitrario.

Es cierto que en la solicitud que venimos examinando se alegó que las fincas rústicas de la herencia producían café y que se había comenzado la cosecha, y, además, que existían semovientes y que tales bienes ''pueden ser ocultados y sustraídos,'' y es cierto también que el artículo 30 de la Ley de Procedimientos Legales especiales en su segundo párrafo, adicionádole en 1911, dice:

''En todo caso en que cualquiera de las personas a que se refiere el artículo 23 de esta ley que puedan solicitar la autorización judi-

cial, ponga en conocimiento del juez que existen bienes muebles o semovientes susceptibles de ser sustraídos u ocultados, el juez dictará una orden para que el márshal proceda a ocuparlos inmediatamente, practicando inventario y depositándolos en poder de persona abonada, que puede ser uno de los herederos, ínterin se hace por el juez el nombramiento de un administrador con la consiguiente fianza.''

Pero no basta la mera insinuación en una solicitud, que ni siquiera está jurada, de que existen muebles y semovientes entre los bienes de la herencia que pueden ser ocultados y sustraídos, para que el juez se lance a alterar el orden existente arrebatando al mayor partícipe la posesión de los bienes sin que exista prueba alguna en contra de su capacidad y honradez para conservarlos y administrarlos hasta que sean, debidamente partidos, entregados a sus legítimos dueños.

A nuestro juicio el juez se extralimitó en sus facultades en este caso al nombrar administrador interino al extraño propuesto por el peticionario, prescindiendo en absoluto del heredero que mayor participación tenía en la herencia y que se hallaba en posesión de los bienes de la misma.

3 y 4. La cuestión relativa a la enmienda del juramento, carece de importancia a los fines de la decisión de este recurso. La que hace referencia a la personalidad del peticionario, debe estudiarse y resolverse, a nuestro juicio.

En la petición inicial se alegó que el doctor Iturrino murió bajo testamento en el cual pretirió al peticionario por cuyo motivo éste entabló un pleito sobre reclamación de participación hereditaria y nulidad de actuaciones, que la corte de distrito resolvió a su favor por sentencia de 4 de junio de 1915; mas, según sostuvo Camila Teresa de Jesús Iturrino en una moción jurada de impugnación, dicho pleito estaba pendiente en apelación ante este Tribunal Supremo al iniciarse el procedimiento sobre administración judicial.

No debemos decidir ahora si el peticionario tiene o no en realidad de verdad la condición de heredero del doctor Iturrino. Sólo debemos partir de la base de que tal condición ha sido impugnada en un pleito que aún pende de resolución

en este mismo tribunal y que, por tanto, de acuerdo con la jurisprudencia establecida por esta misma corte en los casos de *Rivera* v. *Cámara,* 17 D. P. R. 528, y *Puente et al.* v. *Puente et al.,* 16 D. P. R. 582, no tiene aún personalidad bastante para solicitar como heredero la administración judicial de la herencia.

Podrá tener el peticionario otros medios reconocidos por la ley para asegurar los bienes que puedan corresponderle si finalmente se decide a su favor el pleito por él entablado, pero la solicitud de administración judicial que autoriza la ley de procedimientos legales especiales, le está aún vedada. Todavía está *sub judice* la cuestión de si el documento en que consta según él su reconocimiento es o no el que requieren la ley y la jurisprudencia para que se entienda el hijo natural reconocido en forma auténtica y fehaciente.

Por virtud de todo lo expuesto, debe declararse con lugar el recurso establecido y revocarse la resolución apelada.

> *Revocada la resolución apelada y devuelto*
> *el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Aldrey y Hutchison.

El Juez Presidente Sr. Hernández y el Juez Asociado Sr. Wolf no intervinieron.