Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>RAMÓN L. COTTO RAMOS<br><br>Recurrido | KLCE202301288 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso núm.: E VI2020G0012, E LA2020G0143, E LA2020G0144<br><br>Sobre: Art. 93 CP, Art. 5.04 Ley 404, Art. 5.15 Ley 404 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de diciembre de 2023.

El Tribunal de Primera Instancia ("TPI") ordenó la exclusión de cierto testimonio de una agente de la Policía (dirigido únicamente a establecer que, al haber recibido información sobre la comisión de un crimen, había comunicado la misma y, por ello, la Policía había acudido a la escena del crimen). Concluimos que erró el TPI, pues dicho testimonio es admisible y no se demostró que el mismo podía causar perjuicio indebido a la defensa.

I.

Por hechos acontecidos el 8 de mayo de 2019, el Ministerio Público presentó varias denuncias en contra del Sr. Ramón Luis Cotto Ramos (el "Acusado"). En esencia, se le imputó causarle la muerte, mediante múltiples disparos, al Sr. Josué Arturo Almena

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202200899).

Número Identificador
SEN2023_____

Guzmán. En diciembre de 2020, el Ministerio Público presentó las correspondientes acusaciones.

Continuado el trámite, el 7 de diciembre de 2022, el TPI celebró una vista bajo la Regla 109 de las de Evidencia, 32 LPRA Ap. VI, R. 109. El TPI escuchó el testimonio de varios agentes de la Policía de Puerto Rico, incluida la Agte. Ivette Ríos Márquez (la "Retén"). Todos declararon en torno a lo que relató el día de los hechos el Sr. Ramón Cotto Rosa, padre del Acusado (el "Padre"), quien no está disponible como testigo.

El TPI emitió una *Resolución* en la cual, en lo atinente al recurso de referencia, consignó lo siguiente sobre el contenido de lo declarado por la Retén:

A) Hechos del Testimonio de la Agte. Ivette Ríos Márquez

1) Que el 8 de mayo de 2019 a eso de las 7:43 pm aproximadamente se recibieron varias llamadas telefónicas de detonaciones en el área de los hechos. (DCR 9:47:30-9:48:41)

2) Que una de las personas que llamó indicó que hay una persona muerta en la entrada del sector capilla (sic), cerca de los apartamentos, avance. (DCR 9:48:42-9:48:50)

3) Que a las 8:20 recibió una llamada con voz de hombre de manera clara y tranquila que indicó, "el que le disparó al de la capilla fue su hijo Ramón Luis Cotto Ramos quien salió para veteranos". (DCR 9:49:20-9:50:09)

4) Que rápido le preguntó nombre y número de teléfono, indicó "yo me llamo Ramón Luis Cotto Rosa, teléfono 323-7580". Le pregunto (sic) "¿cómo sabía que había sido él? Y dijo que su esposa lo había llamado y se lo indicó. (DCR 9:50:15-9:50:49)

5) Que no conoce al Sr. Ramón Cotto Rosa, que no lo ha visto, que posteriormente no se presentó ante él, que no lo ha visto en el Tribunal en ninguna etapa de este caso y no lo conoce.[2]

En cuanto a las declaraciones reflejadas en los incisos 3 y 4, el TPI concluyó que constituían prueba de referencia inadmisible. Sin embargo, en cuanto a las declaraciones que surgen de los incisos

---

[2] Apéndice VIII del recurso de *certiorari*, págs. 28-29.

1 y 2 (la "Declaración Limitada"), el TPI determinó que eran "preliminarmente admisibles al amparo de la Regla 107 de Evidencia para el mejor entendimiento de cómo los agentes llegaron al lugar de los hechos".[3]

Comenzado el juicio ante un jurado, el Ministerio Público intentó presentar el testimonio de la Retén (solamente la Declaración Limitada). El Acusado lo objetó; arguyó que ese testimonio debía excluirse porque la persona a quien la Retén declararía que le comunicó la información recibida (Sgto. Perry González Ortiz, o el "Sargento") no sería testigo.

Sobre la base de lo planteado por el Acusado en torno al Sargento, el TPI reconsideró su postura previa y determinó que no sería admitida la Declaración Limitada. De conformidad, el 27 de septiembre, el TPI notificó una *Resolución* mediante la cual excluyó del juicio la Declaración Limitada (la "Resolución"). El TPI concluyó que la misma no era admisible "ni siquiera al amparo … de la Regla 107 de Evidencia".[4]

El 11 de octubre, el Ministerio Público solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante un dictamen notificado el 17 de octubre.

Inconforme, el 16 de noviembre, el Ministerio Público presentó el recurso de referencia; formula el siguiente señalamiento de error:

> El Tribunal de Primera Instancia incurrió en error de derecho y abuso de discreción al no permitir que la Agte. Ivette Ríos Márquez testificara en torno a que recibió una llamada sobre la comisión de un delito, y que esa información se la transmitió a su supervisor, el Sgto. Perry González Ortiz.

Le ordenamos al Acusado que mostrase causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen

---

[3] Íd., a la pág. 29.
[4] Apéndice I del recurso de *certiorari,* pág. 3.

recurrido. El 11 de diciembre, el Acusado presentó un escrito en el cual reproduce lo planteado ante el TPI. Resolvemos.

II.

"Evidencia pertinente es aquella que tiende a hacer la existencia de un hecho, que tiene consecuencias para la adjudicación de la acción, más probable o menos probable de lo que sería sin tal evidencia". Regla 401 de Evidencia, 32 LPRA Ap. VI, R. 401. Es decir, es la evidencia "que arroja luz o tiene algún valor probatorio, por mínimo que sea, para adjudicar la acción". La pertinencia está vinculada al derecho sustantivo aplicable al caso. A tenor con lo anterior, la evidencia pertinente es admisible excepto cuando se disponga lo contrario por imperativo constitucional, por disposición de ley o por las Reglas de Evidencia. Regla 402 de Evidencia, 32 LPRA Ap. VI, R. 402; E.L. Chiesa Aponte, *Reglas de Evidencia Comentadas*, 1era Ed., San Juan, Ediciones SITUM, 2016, págs. 71-73.

Por su parte, a diferencia de otras reglas de exclusión de evidencia, la Regla 403 de Evidencia, 32 LPRA Ap. VI, R. 403, permite que el tribunal pueda excluir evidencia pertinente cuando su valor probatorio quede sustancialmente superado por alguno de los siguientes factores:

> Evidencia pertinente puede ser excluida cuando su valor probatorio queda sustancialmente superado por cualesquiera de estos factores:
> (a) riesgo de causar perjuicio indebido
> (b) riesgo de causar confusión
> (c) riesgo de causar desorientación del Jurado
> (d) dilación indebida de los procedimientos
> (e) innecesaria presentación de prueba acumulativa

Así pues, por medio de la Regla 403, *supra*, el tribunal puede descartar evidencia pertinente, aun si no aplicase alguna regla de exclusión. La Regla 403, *supra*, debe ser utilizada con prudencia y cuidado por los tribunales porque el principio fundamental es que toda la evidencia pertinente es admisible, salvo que aplique una

regla de exclusión. *Pueblo v. Serrano Morales,* 201 DPR 454, 465-466 (2018). Debe considerarse si el perjuicio que pueda causar la prueba sería mayor al beneficio que se obtendría.

Al interpretar la anterior Regla 19 de Evidencia, (actual Regla 403), nuestro Tribunal Supremo expresó, en *Pueblo v. Ortiz Pérez,* 123 DPR 216, 228 (1989), lo siguiente:

> Por supuesto, toda prueba es "perjudicial" en la medida que favorece a una parte y perjudica a otra, pero este no es el tipo de perjuicio al que se refiere la regla. En términos generales se trata de prueba que puede conducir a un resultado erróneo cuando se apela meramente -y aunque no únicamente- a los sentimientos y a la emoción. (Cita en el original omitida). Hay que recordar, sin embargo, que particularmente en la litigación criminal en ocasiones es preciso recrear ante los ojos del jurado situaciones desagradables que deben ser legítimamente objeto de prueba. No toda evidencia que pueda conmover el ánimo del jurado constituye materia a ser excluida.

Al respecto, el profesor Chiesa Aponte también ha expuesto que:

> Una parte ofrece evidencia que tiende a causar perjuicio -no beneficio- a la otra parte. Una objeción en término de que se excluya la evidencia por su efecto perjudicial no tiene mucho sentido; la otra parte puede contestar que justamente la ofrece para perjudicar o refutar las alegaciones de quien objeta. **Perjuicio indebido se refiere más bien a evidencia cuyo valor objetivo es mucho menor al que puede recibir por parte del juzgador en virtud de factores, por ejemplo, emocionales**. *Pueblo v. Nazario,* 138 DPR 760, 779 (1995). E.L. Chiesa Aponte, Tratado de Derecho Probatorio; Reglas de Evidencia de Puerto Rico y Federales, San Juan, Pubs. J.T.S., 1998, Tomo I, pág., pág. 11 (Énfasis nuestro).

III.

Por otra parte, los tribunales también pueden limitar el uso de la prueba ofrecida por las partes. En específico, la Regla 107 de las de Evidencia, 32 LPRA Ap. VI, R. 107, establece:

> REGLA 107. ADMISIBILIDAD LIMITADA
>
> Cuando determinada evidencia sea admisible en cuanto a una parte o para un propósito, y sea inadmisible en cuanto a otra parte o para otro propósito, el Tribunal, previa solicitud al efecto, limitará la admisibilidad de esa evidencia a su alcance apropiado e instruirá inmediatamente sobre ello al Jurado, de haberlo.

Así pues, existen instancias en las cuales la prueba puede ser inadmisible para un propósito en particular debido a las limitaciones impuestas por nuestro estado de derecho. No obstante, cónsono con la Regla 107 de Evidencia, *supra*, esa misma evidencia, si se presenta u ofrece para un propósito distinto al prohibido por nuestro ordenamiento jurídico, podría admitirse de forma limitada. Véase, R. Emmanuelli Jiménez, *Prontuario de Derecho Probatorio*, Ediciones Situm, Cuarta Edición, 2015, pág. 91. Le corresponde a la parte con interés en la evidencia solicitar al TPI que limite la admisión al propósito para la cual sí es admisible. *Íd.*, a la pág. 116; Reglas 104 y 105 de Evidencia, 32 LPRA Ap. VI, R. 104 y R. 105.

IV.

Concluimos que erró el TPI al determinar que, ante la ausencia del testimonio del Sargento, debía suprimirse la Declaración Limitada. El testimonio excluido es pertinente para entender cómo los agentes de la Policía llegaron al lugar de los hechos, como lo reconoció el propio TPI en su anterior dictamen del 21 de diciembre de 2022.

La Declaración Limitada tampoco debió excluirse bajo la Regla 403, *supra*. Ni el Acusado, ni el TPI, articularon qué perjuicio indebido sufriría la defensa de admitirse la Declaración Limitada. De hecho, un examen de su contenido no arroja perjuicio indebido alguno, ni la presencia de alguno de los otros factores contemplados por la Regla 403, *supra*. Incluso, aun si existiese algún perjuicio indebido, tampoco surge del récord que el mismo superaría sustancialmente el valor probatorio del testimonio excluido.

Finalmente, y contrario a lo planteado por la defensa, no tiene pertinencia que el Sargento no sea testigo en el caso. La admisibilidad de lo declarado por la Retén, en cuanto a lo que comunicó al Sargento, producto de lo cual la Policía llegó al lugar de

los hechos, no depende de forma alguna de que se presente el testimonio del Sargento.  Véase, Regla 602 de Evidencia, 32 LPRA Ap. VI, R. 602.  De hecho, el Acusado ni siquiera intentó elaborar una teoría sobre por qué la ausencia del Sargento tiene pertinencia en este contexto.

En fin, fue correcta la determinación anterior del TPI, según la cual la Retén podría declarar que recibió llamadas telefónicas que alertaban sobre posibles detonaciones y una persona fallecida, sin detalles del autor de los hechos o sobre la identidad de la persona que hizo la llamada.  También puede declarar la Retén en torno a la persona a quién le comunicó la información recibida.

V.

Por los fundamentos que anteceden, se expide el auto de *certiorari* solicitado, se revoca la *Resolución* recurrida y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto y dispuesto.

Al amparo de la Regla 211 de Procedimiento Criminal,[5] Regla 211 de Procedimiento Criminal, 34 LPRA Ap. II,R dejamos sin efecto la suspensión de los procedimientos; el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.

---

[5] La Regla 211 de Procedimiento Criminal, 34 LPRA Ap. II,R. 211, dispone:
    En situaciones no previstas por la ley, estas reglas o las reglas que apruebe el Tribunal Supremo, tanto éste como el Tribunal de Circuito de Apelaciones, encauzarán el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes. Queda reservada la facultad del Tribunal Supremo y del Tribunal de Circuito de Apelaciones para prescindir de términos, escritos o **procedimientos específicos** en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.
Véase también: *Pueblo* v. *Tribunal de Distrito,* 97 DPR 241 (1969); *Perez* v. *Corte,* 50 DPR 540 (1936).

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones